UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA ) ) ) Plaintiff ) ) v. ) DAVID CONSTRUCTION, INC., et al. ) ) Defendants ) ) | Civil Action No. 3:20-CV-419-JRW |

**DEFENDANTS' ANSWER TO COMPLAINT**

Come the Defendants, David Construction, Inc., Davlin Properties, LLC, David B. Holobaugh III, and Kimberly A. Holobaugh, by counsel, and for their Answer to Plaintiff's Complaint state as follows:

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. With respect to paragraph 6 of Plaintiff's Complaint, Defendants admit that Plaintiff alleges damages in an amount sufficient to confer jurisdiction under 28 U.S.C. § 1332(a). Defendant deny their liability on said amount.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint, and further state that 28 U.S.C. § 2201(a) speaks for itself.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants object to paragraph 9 of Plaintiff's Complaint inasmuch as it requests a legal conclusion. Defendants admit that the underlying construction project is located in Louisville, Jefferson County, Kentucky, and thus within the Western District of Kentucky.

10. With respect to paragraph 10 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for themselves. Defendants deny any remaining allegations contained in paragraph 10.

11. With respect to paragraph 11 of Plaintiff's Complaint, Defendants admit that Defendant David Construction, Inc. and Plaintiff have been sued in the Circuit Court of Jefferson County, Kentucky in connection with the underlying construction project. Defendants deny any remaining allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. With respect to paragraph 13 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 13 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 13.

14. With respect to paragraph 14 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 14 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 14.

15. With respect to paragraph 15 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 15 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 15.

16. With respect to paragraph 16 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 16 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 16.

17. With respect to paragraph 17 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 17 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 17.

18. With respect to paragraph 18 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 18 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 18.

19. With respect to paragraph 19 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 19 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 19.

20. With respect to paragraph 20 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 20 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 20.

21. With respect to paragraph 21 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 21 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 21.

22. With respect to paragraph 22 of Plaintiff's Complaint, Defendants admit that they executed an Indemnity Agreement, the terms of which speak for itself. Defendants further admit that paragraph 22 accurately excerpts portions of that Indemnity Agreement. Defendants deny any remaining allegations contained in paragraph 22.

23. With respect to paragraph 23 of Plaintiff's Complaint, Defendants admit that Plaintiff issued the Payment Bond on behalf of Defendant David Construction, Inc.

24. Defendants admit the allegations contained in paragraph 24 of Plaintiff's Complaint, and further state that the Payment Bond speaks for itself.

25. Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants admit the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. With respect to paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff initially tendered a defense to Defendant David Construction, Inc. for claims made by Payne Electric Co., Inc., Springfield Plumbing, Inc., and L T Parker, LLC d/b/a One Choice Mechanical, and that Plaintiff subsequently withdrew that tender of defense. Defendants are without sufficient to admit or deny the reason for Plaintiff's withdrawal of its tender, and therefore deny the portion of paragraph 29 in which Plaintiff alleges its reason.

30. With respect to paragraph 30 of Plaintiff's Complaint, Defendants admit that the defenses identified therein represent two defenses asserted by Defendant David Construction, Inc.

in the Jefferson Circuit Court action. Defendants further state that the Louisville Metro Housing Authority voiced objections to various aspects of the work performed by subcontractors Payne Electric Co., Inc., Springfield Plumbing, Inc., and L T Parker, LLC d/b/a One Choice Mechanical, and failed to make payment to David Construction, Inc. for that work. Defendants further state that David Construction, Inc. is entitled to trial of its claims against the Louisville Metro Housing Authority on the merits, including the Housing Authority's claims related to the work of those subcontractors that is at issue.

31. With respect to paragraph 31 of Plaintiff's Complaint, Defendants admit that the Jefferson Circuit Court has entered an order, which may be interlocutory, containing the language excerpted in paragraph 31 of Plaintiff's Complaint.

32. With respect to paragraph 32 of Plaintiff's Complaint, Defendants admit that Plaintiff and Defendant David Construction, Inc. have filed a notice of appeal of the Jefferson Circuit Court's order, and further state that Defendant David Construction, Inc. responded to the Court of Appeals' Show Cause Order inquiring why the Jefferson Circuit Court's interlocutory order was subject to appeal. Defendants deny any remaining allegations contained in paragraph 32.

33. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint, and therefore deny same.

34. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint, and therefore deny same.

35. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore deny same.

36. With respect to paragraph 36 of Plaintiff's Complaint, Defendant admit that they received the March 3, 2020 letter and demand referenced therein. Defendants deny any remaining allegations contained in paragraph 36.

37. With respect to paragraph 37 of Plaintiff's Complaint, Defendant admit that they received the March 26, 2020 letter and demand referenced therein. Defendants deny any remaining allegations contained in paragraph 37.

38. With respect to paragraph 38 of Plaintiff's Complaint, Defendants admit that they have not indemnified Plaintiff for its claimed fees or deposited any collateral demanded by Plaintiff.

39. With respect to paragraph 39 of Plaintiff's Complaint, Defendants adopt and incorporate by reference each and every admission and denial previously asserted herein.

40. With respect to paragraph 40 of Plaintiff's Complaint, Defendants admit the accuracy of the quotes from the Indemnity Agreement contained therein. Defendants deny Plaintiff's disclaimer of an obligation of good faith. Defendants deny any remaining allegations contained in paragraph 40.

41. With respect to paragraph 41 of Plaintiff's Complaint, Defendants admit the accuracy of Plaintiff's recitation of the terms of the Indemnity Agreement contained therein. Defendants deny the remaining allegations contained in paragraph 41, inasmuch as they call for a legal conclusion.

42. With respect to paragraph 42 of Plaintiff's Complaint, Defendants admit the accuracy of Plaintiff's recitation of the terms of the Indemnity Agreement contained therein. Defendants deny the remaining allegations contained in paragraph 42, inasmuch as they call for a legal conclusion.

43. With respect to paragraph 43 of Plaintiff's Complaint, Defendants are without sufficient information to assess Plaintiff's purported exercise of judgment to approximate or compute its exposure, and expressly deny that the collateral amount demanded by Plaintiff represents a good faith estimation of Plaintiff's exposure. Defendants deny any remaining allegations contained in paragraph 43.

44. With respect to paragraph 44 of Plaintiff's Complaint, Defendants admit that Plaintiff has demanded that they deposit a collateral amount, but expressly deny that the collateral amount demanded by Plaintiff represents a good faith estimation of Plaintiff's exposure. Defendants deny any remaining allegations contained in paragraph 44.

45. Defendants admit the allegations contained in paragraph 45 of Plaintiff's Complaint, inasmuch as they have not collateralized Plaintiff's demand.

46. With respect to paragraph 46 of Plaintiff's Complaint, Defendants deny the portions of that paragraph that call for a legal conclusion. Defendants admit that they have not deposited any collateral with Plaintiff.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint, inasmuch as that paragraph calls for a legal conclusion.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint, inasmuch as that paragraph calls for a legal conclusion.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint, inasmuch as that paragraph calls for a legal conclusion.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. With respect to paragraph 52 of Plaintiff's Complaint, Defendants adopt and incorporate by reference each and every admission and denial previously asserted herein.

53. With respect to paragraph 53 of Plaintiff's Complaint, Defendants admit the accuracy of Plaintiff's recitation of the terms of the Indemnity Agreement contained therein. Defendants deny Plaintiff's implied rejection of an obligation of good faith. Defendants deny any remaining allegations contained in paragraph 53.

54. With respect to paragraph 54 of Plaintiff's Complaint, Defendants admit the accuracy of Plaintiff's recitation of the terms of the Indemnity Agreement contained therein. Defendants deny Plaintiff's implied rejection of an obligation of good faith. Defendants deny any remaining allegations contained in paragraph 54.

55. With respect to paragraph 55 of Plaintiff's Complaint, Defendants admit the accuracy of Plaintiff's recitation of the terms of the Indemnity Agreement contained therein. Defendants deny Plaintiff's implied rejection of an obligation of good faith. Defendants deny any remaining allegations contained in paragraph 55.

56. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 56 of Plaintiff's Complaint, and therefore deny same.

57. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 57 of Plaintiff's Complaint, and therefore deny same.

58. With respect to the allegations contained in paragraph 58 of Plaintiff's Complaint, Defendants admit that they have received Plaintiff's demands, as detailed above, and have not collateralized Plaintiff in the amount it demanded. Defendants deny any remaining allegations contained in paragraph 58.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint, inasmuch as that paragraph calls for a legal conclusion.

60. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 60 of Plaintiff's Complaint, and therefore deny same.

61. With respect to paragraph 61 of Plaintiff's Complaint, Defendants admit that they have an obligation to indemnify Plaintiff for its actual costs expended. Defendants deny any remaining allegations contained in paragraph 61.

62. With respect to paragraph 62 of Plaintiff's Complaint, Defendants adopt and incorporate by reference each and every admission and denial previously asserted herein.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint that call for a legal conclusion. Defendant deny the propriety of Plaintiff receiving an equitable remedy that is duplicative of a legal remedy under written contract. Defendants deny any remaining allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. With respect to paragraph 65 of Plaintiff's Complaint, Defendants adopt and incorporate by reference each and every admission and denial previously asserted herein.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint that call for a legal conclusion. Defendant deny the propriety of Plaintiff receiving an equitable remedy that is duplicative of a legal remedy under written contract. Defendants deny any remaining allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. With respect to paragraph 68 of Plaintiff's Complaint, Defendants adopt and incorporate by reference each and every admission and denial previously asserted herein.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint, inasmuch as that paragraph calls for a legal conclusion.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim on which relief may be granted.

**SECOND DEFENSE**

The Indemnity Agreement is subject to the common law duty of good faith and fair dealing attendant to all Kentucky contracts. The Indemnity Agreement is unenforceable to the extent that it grants the surety unilateral and limitless discretion both to deem itself insecure and to calculate the amount of its exposure.

**THIRD DEFENSE**

Plaintiff has not and cannot demonstrate entitlement to emergency or injunctive relief, and the provisions of the Indemnity Agreement purporting to entitle it to such relief as a matter of contract do not relieve it of the obligation to demonstrate the absence of an adequate legal remedy.

**FOURTH DEFENSE**

The Plaintiff surety has overstated its claimed exposure under the Indemnity Agreement, in contravention of the duty of good faith and fair dealing, with respect to the three subcontractor claims in litigation, and on which David Construction, Inc. has pursued its statutorily and constitutionally protected appellate rights.

**FIFTH DEFENSE**

The Plaintiff surety has breached the common law duty of good faith and fair dealing by prematurely declaring itself insecure and demanding indemnity and collateralization with regard to the fourth subcontractor claim, on which no litigation has been instituted, and no proof of obligation presented.

**SIXTH DEFENSE**

Plaintiff's claims for equitable exoneration and *quia timet* fail to state a claim to the extent that they represent equitable claims that may be pursued, if at all, only in the absence of a legal remedy in contract.

## **SEVENTH DEFENSE**

Defendants reserve the right to assert additional defenses, including affirmative defenses, as may be justified in discovery.

WHEREFORE, Defendants David Construction, Inc., Davlin Properties, LLC, David B. Holobaugh III, and Kimberly A. Holobaugh pray as follows:

A. That the Complaint against them be dismissed and held for naught;

B. That they be permitted to amend their Answer and to raise any additional claims and defenses, including affirmative defenses, that may not be known at present, but that may be revealed through subsequent discovery;

C. For their costs incurred herein, including reasonable attorney fees;

D. For trial by jury on all claims so triable; and

E. For any and all other relief to which they may appear entitled.

Respectfully submitted,

*/s/ Paul Hershberg*
PAUL HERSHBERG
PAUL HERSHBERG LAW, PLLC
1161 East Broadway
Louisville, Kentucky 40204
Telephone: (502) 736-7040
Facsimile: (502) 736-7510
Email: paul@hershberglaw.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on July 16, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jarrod W. Stone, Esq.
jstone@manierherod.com
Counsel for Plaintiff

                                         */s/ Paul Hershberg*
                                         PAUL HERSHBERG